**IN THE UNITED STATES DISTRICT COURT**

**FOR SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| AZG ENTERPRISES, INC.,<br><br>Plaintiff,<br><br>v.<br><br>ACD LOGISTICS, LLC a/k/a ACDL LLC, BENJAMIN ANTHONY, DANIEL CATONE, ARJUN DHILLON,<br><br>Defendants. | Case No. 0:26-cv-61499-WPD |

**DECLARATION OF BENJAMIN ANTHONY IN SUPPORT OF ACD LOGISTICS, LLC, BENJAMIN ANTHONY, AND DANIEL CATONE'S MOTION TO DISMISS AND MEMORANDUM OF LAW**

I, Benjamin Anthony, declare as follows:

1. I am over the age of 18, a citizen of the State of Indiana, and competent to testify to the matters set forth in this declaration. I submit this declaration in support of ACD Logistics LLC, Benjamin Anthony, and Daniel Catone's Motion to Dismiss and Memorandum of Law (the "Motion") to dismiss the Complaint filed by Plaintiff AZG Enterprises. I have personal knowledge of the facts set forth below.

2. I am a Member of ACD Logistics, LLC ("ACD"), a position I have held since November 1, 2021. I am familiar with ACD's corporate structure, business operations, and the facts giving rise to this litigation, including through my personal involvement in removing Defendant Arjun Dhillon ("Dhillon") as a Member of ACD and my review of ACD's business records kept in the ordinary course of business.

3. As of December 6, 2025, I have a 50% membership interest in ACD. Defendant Daniel Catone ("Catone") has the other 50% membership interest. Dhillon currently has no membership interest based on his removal from ACD.

4. ACD is a Wyoming limited liability company with its principal place of business located at 254 E 2nd St, Powell, WY 82435-2711. ACD has never been incorporated or registered in the State of Florida.

5. ACD maintains no office, warehouse, employees, bank accounts, telephone listing, or registered agent in the State of Florida, and owns no real or personal property in Florida.

6. ACD did not ship any product into Florida in connection with the transaction(s) at issue. Any shipments made in connection with the transaction(s) at issue occurred in Virginia.

7. ACD is not privy to any contract with Plaintiff or Plaintiff's interactions with Dhillon during the relevant period.

8. Upon information and belief, Plaintiff exclusively communicated with Dhillon regarding purchase of certain trading cards.

9. Upon information and belief, Dhillon hid all communications and interactions with Plaintiff from me and Catone.

10. In November 2025, at the time Dhillon interacted with the Plaintiff, he was a Member with a 34% interest in ACD, but was not, and has never been, a manager, chairman, or officer of ACD.

11. I have never personally communicated with Plaintiff either in my individual capacity or on behalf of ACD.

12. I have no personal or direct knowledge regarding the conversations, discussions, or negotiations between Plaintiff and Dhillon for such trading cards.

13. I did not personally enter into a contract, agreement, understanding, or similar arrangement with Plaintiff.

14. I have no personal or direct knowledge regarding the material terms of any contract, agreement, understanding or similar arrangement Dhillon made with Plaintiff.

15. I did not solicit Plaintiff, communicate with Plaintiff, or direct any advertising, solicitation, or other communications to Plaintiff or into Florida concerning the transaction at issue.

16. Upon information and belief, no representative of ACD traveled to Florida in connection with the transaction(s) at issue.

17. I have not traveled to Florida during the relevant period on behalf of ACD to conduct business in Florida.

18. I have not directed any communications to Florida during the relevant period on behalf of ACD to conduct business in Florida.

19. The only connection I have to Florida is the instant action filed by Plaintiff.

20. On December 6, 2025, following a vote of all Members, Dhillon was involuntarily removed as a Member of ACD.

21. Catone, Dhillon, and I executed a Separation Agreement, and Dhillon's removal was made effective as of December 6, 2025. Exhibit A.

22. Dhillon was removed as a Member of ACD because he (i) commingled company funds with his own personal funds; (ii) used company funds for personal expenses without disclosure, authorization, or approval; (iii) the reimbursement of company funds for personal expenses and personal benefit without disclosure or authorization; (iv) the decision to incur debt obligations without full approval by the company; and (v) otherwise acted outside the scope of his authority in breach of his fiduciary, contractual, and statutory duties.

23. As a result, Catone and I acquired Dhillon's 34% membership interest.

24. I was not aware that Dhillon had acknowledged ACD owed any product, merchandise, or refund for the same to Plaintiff.

25. As of December 12, 2025, when Dhillon allegedly made such acknowledgement, Dhillon was not a member of ACD and was not authorized to act on its behalf.

26. I have no personal or direct knowledge of the alleged written acknowledgement.

27. Similarly, I have no knowledge of a Personal Guarantee and Confidentiality Agreement ("Guarantee") Dhillon allegedly executed with Plaintiff on January 7, 2026.

28. I have no personal or direct knowledge or involvement in the Guarantee.

29. I have never personally or on behalf of ACD represented to Plaintiff that I had possession of or access to the subject merchandise.

30. I have no personal or direct knowledge regarding Dhillon's promises, representations, acknowledgments, or admissions relating to a refund, repayment, or transfer of funds to Plaintiff.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on August 24, 2026 in Lafayette, Indiana.

Benjamin Anthony
Benjamin Anthony (Aug 24, 2026 15:23:57 EDT)

Benjamin Anthony