IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 0:26-cv-61499-WPD

AZG ENTERPRISES, INC.,

Plaintiff,

v.

ACD LOGISTICS, LLC a/k/a ACDL LLC and
ARJUN DHILLON,

Defendants.

---

**FIRST AMENDED COMPLAINT**[1]

Plaintiff AZG Enterprises, Inc. ("Plaintiff") sues defendants ACD Logistics, LLC a/k/a ACDL LLC ("ACD Logistics") and Arjun Dhillon ("Dhillon") (collectively, the "Defendants"), and alleges the following:

**THE PARTIES**

1. Plaintiff is a corporation organized and existing under the laws of the State of Florida with its principal place of business located in Florida.

2. ACD Logistics is a limited liability company organized and existing under the laws of the State of Wyoming with its principal place of business located at 254 E 2nd Street, Powell, WY 82435. ACD Logistics' agent for service of process is Daniel Catone, 1194 Lane 11 1 2, Powell, WY 82435.

---

1 On August 4, 2026, the Court entered Default Final Judgment [D.E. 25] against Dhillon each of the claims in the original Complaint. This Amended Complaint does not alter any of the claims against Dhillon. Rather, it drops Benjamin Anthony and Daniel Catone as individual defendants while still maintaining the same claims against ACD Logistics.

3. Dhillon is an individual who is a citizen of the State of California residing at 216 Running Wolf Court, Roseville, CA 95747.

**JURISDICTION AND VENUE**

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) because the matter in controversy exceeds $75,000.00, exclusive of interest and costs, and is between citizens of different States.

5. This Court has personal jurisdiction over Defendants because they have maintained sufficient minimum contacts with this State such that the exercise of personal jurisdiction over them would not offend traditional notions of fair play and substantial justice.

6. This Court further has personal jurisdiction over Defendants pursuant to Fla. Stat. §§ 48.193(1)(a)(2) because they committed a tortious act within this State and breached a contract in this State by failing to perform acts required to be performed in this State.

7. Venue properly lies in this district because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district.

**BACKGROUND**

8. Dhillon was, at all times material hereto, a member of ACD Logistics.

9. In November 2025, Plaintiff was seeking to purchase various trading and/or other cards for re-sale.

10. Plaintiff has previous business dealings with Defendants, having purchased trading and/or other cards for re-sale from Defendants on multiple occasions previously.

11. On each such occasion that Plaintiff had purchased trading and/or other cards from Defendants, Plaintiff made Defendants aware that Plaintiff was located in Florida, that Plaintiff was communicating with Defendants from Florida, and that payment for any such purchase was


DESOUZA LAW, P.A.
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL 33065
TELEPHONE (954) 603-1340

coming from Plaintiff in Florida.

12. In the November 2025 timeframe, Plaintiff posted in various online channels/chatrooms that it was seeking to purchase certain trading and/or other cards.

13. Dhillon then approached Plaintiff (on behalf of ACD Logistics) and communicated that ACD Logistics had the trading and/or other cards available for purchase. Dhillon was well aware that Plaintiff was located in Florida at the time he made such representations to Plaintiff.

14. Plaintiff and Defendants ultimately agreed on both an amount and number, with Plaintiff to wire funds (from Florida) to ACD Logistics and Defendants to immediately send the agreed upon cards to Plaintiff.

15. As a result, on November 28, 2025, Plaintiff wired $91,650.00 to ACD Logistics (at Dhillon's direction) in connection with the purchase of specifically-identifiable cards that Defendants represented they could sell/had in their possession.

16. Although Plaintiff paid the full amount requested, Defendants failed to deliver $55,000.00 of such merchandise and, despite multiple follow-ups/subsequent demands, failed to return Plaintiff's monies.

17. On December 12, 2025, Dhillon acknowledged (in writing) that Defendants owed the $55,000.00 and specifically stated that a refund would be issued and include additional monies for interest, expenses, and inconvenience.

18. On January 7, 2026, Dhillon executed a Personal Guarantee and Confidentiality Agreement (the "Guarantee") whereby he unconditionally, absolutely, and irrevocably guaranteed the full and prompt payment and performance of all obligations owed to Plaintiff in the total principal balance of $55,000.00.

19. According to the Guarantee, it was being executed "solely in connection with and


DESOUZA LAW, P.A.
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL 33065
TELEPHONE (954) 603-1340

as a result of an orderly business separation, restructuring, or transition involving the Obligor (Dhillon) and ACD Logistics LLC; which caused for unpaid/unfulfilled obligations toward AZG Enterprises."

20. Dhillon subsequently explained that, at the time Defendants represented they were in possession of the subject merchandise, the members of ACD Logistics had already agreed to dissolve ACD Logistics and split out its assets/monies.

21. Although ACD Logistics did not have possession of or access to the subject merchandise, Defendants falsely represented otherwise with the intent of causing Plaintiff to pay monies that Defendants could then part out amongst themselves.

22. In essence, Defendants lied to Plaintiff about the merchandise so they could steal a substantial amount of monies.

23. Dhillon has, on numerous occasions since January 2026, represented that he was making the refund to Plaintiff and/or had already made the refund by transferring the funds to Plaintiff's counsel's IOTA trust account. All of these representations were false and made with the sole intention of delaying Plaintiff from pursuing its legal claims.

24. All conditions precedent to the filing of this action have been waived or otherwise satisfied.

**COUNT ONE: CIVIL THEFT**
**(All Defendants)**

25. Plaintiff re-alleges and incorporates paragraphs 1 through 24 as set forth above.

26. Defendants knowingly converted at least $55,000.00 of specifically identifiable funds belonging to Plaintiff.

27. Defendants' actions constitute grand theft in the second degree, punishable as a felony of the second degree, as described in Fla. Stat. § 812.014.


DESOUZA LAW, P.A.
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL 33065
TELEPHONE (954) 603-1340

28. Defendants' actions likewise constitute civil theft pursuant to Fla. Stat. § 772.11.

29. As a result of Defendants' civil theft, Plaintiff is statutorily entitled to treble damages, attorneys' fees, and costs as provided for in Fla. Stat. § 772.11

**WHEREFORE**, Plaintiff demands judgment against Defendants for compensatory, special, and treble damages (in the amount of $165,000.00), prejudgment interest, post-judgment interest, costs, reasonable attorneys' fees, and such other relief as the Court deems just and proper.

**COUNT TWO: BREACH OF CONTRACT**
**(Dhillon)**

30. Plaintiff re-alleges and incorporates paragraphs 1 through 24 as set forth above.

31. The Guarantee is a valid and enforceable contract under Florida law.

32. The Guarantee provides that the exclusive venue for any action arising out of or relating to the Guarantee is the state or federal courts of the State of Florida.

33. Pursuant to the Guarantee, Dhillon absolutely and unconditionally guaranteed Defendants' payment of $55,000.00 to Plaintiff.

34. Plaintiff fully performed its obligations and duties under the Guarantee.

35. Dhillon breached his obligations under the Guarantee by failing to pay the $55,000.00 to Plaintiff.

36. As a direct and proximate result of the breach of contract, Plaintiff suffered substantial damages, the full amount of which will be established at trial of this matter.

**WHEREFORE**, Plaintiff demands judgment against Dhillon for compensatory damages, special/consequential damages, specific performance, prejudgment interest, post-judgment interest, costs, reasonable attorneys' fees, and such other relief as the Court deems just and proper.

**COUNT THREE: BREACH OF CONTRACT**
**(All Defendants)**


DESOUZA LAW, P.A.
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL 33065
TELEPHONE (954) 603-1340

37. Plaintiff re-alleges and incorporates paragraphs 1 through 24 as set forth above.

38. In November 2025, Plaintiff and Defendants entered into an oral contract whereby Defendants agreed to sell the above-described merchandise and Plaintiff agreed to pay $91,650.00 for such.

39. Plaintiff fully performed its obligations and duties under the oral agreement.

40. Defendants breached their obligations under the oral agreement by failing to deliver $55,000.00 of merchandise and subsequently refusing or failing to refund Plaintiff's monies.

41. As a direct and proximate result of the breach of contract, Plaintiff suffered substantial damages, the full amount of which will be established at trial of this matter.

**WHEREFORE**, Plaintiff demands judgment against Defendants for compensatory damages, special/consequential damages, specific performance, prejudgment interest, post-judgment interest, costs, and such other relief as the Court deems just and proper.

## COUNT FOUR: UNJUST ENRICHMENT
**(All Defendants)**

42. Plaintiff re-alleges and incorporates paragraphs 1 through 24 as set forth above.

43. Plaintiff provided a direct benefit to Defendants by wiring $91,650.00 to the bank account Defendants instructed Plaintiff to pay.

44. Defendants unjustly enriched themselves by retaining $55,000.00 of Plaintiff's monies and distributing such amongst themselves.

**WHEREFORE**, Plaintiff demands judgment against Defendants for compensatory damages, consequential damages, prejudgment interest, post-judgment interest, costs, and such other relief as the Court deems just and proper.

## COUNT FIVE: GIVING WORTHLESS CHECK (FLA. STAT. § 68.065)
**(Dhillon)**

45. Plaintiff re-alleges and incorporates paragraphs 1 through 24 as set forth above.

46. As described herein, Dhillon on multiple occasions in early 2026 represented that he was making a refund to Plaintiff.

47. On or about February 26, 2026, Dhillon wrote a check to Plaintiff for $45,000.00 and deposited such into Plaintiff's bank account.

48. At the time Dhillon deposited the above-described check, Dhillon knew that there was not sufficient funds on deposit in or credit with the bank (Chase) to pay the same. As a result, the check was returned for insufficient funds.

49. Dhillon failed to pay the balance owed within thirty (30) days of a written demand.

50. Dhillon's delivery of the above-described check constitutes the giving of a worthless check under Fla. Stat. § 832.05 which constitutes a felony of the third degree under Florida law punishable by a term of imprisonment not exceeding 5 years.

51. Pursuant to Fla. Stat. § 68.065, Plaintiff is entitled to pursue a civil action against Dhillon for three times the value of the worthless check, reasonable attorneys' fees, and court costs.

**WHEREFORE**, Plaintiff demands judgment against Dhillon for treble damages (in the amount of $135,000.00), prejudgment interest, post-judgment interest, reasonable attorneys' fees, costs, and such other relief as the Court deems just and proper.

**COUNT SIX: FRAUD IN THE INDUCEMENT**
**(Dhillon)**

52. Plaintiff re-alleges and incorporates paragraphs 1 through 24 as set forth above.

53. As described above, Dhillon made a series of misrepresentations to Plaintiff concerning ACD Logistics' possession of the subject merchandise and intent to ship such to Plaintiff.


DESOUZA LAW, P.A.
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL 33065
TELEPHONE (954) 603-1340

54. Dhillon made these representations in an effort to induce Plaintiff to wire $91,650.00 to ACD Logistics' bank account.

55. These representations were false at the time they were made, and Dhillon knew the representations were false when made.

56. Further, Dhillon had no intention of fulfilling his future promise of refunding Plaintiff's monies. It was always Dhillon's intention to pocket Plaintiff's monies without refunding the balance to Plaintiff (as evidenced by his presentment of a worthless check for $45,000.00 to Plaintiff).

57. Plaintiff relied on Dhillon's representations in agreeing to tender $91,650.00 to Defendants.

58. As a direct and proximate result of Dhillon's conduct, Plaintiff has sustained substantial damages, the full amount of which will be established at trial of this matter.

**WHEREFORE**, Plaintiff demands judgment against Dhillon for compensatory damages, prejudgment interest, an award of costs, and such other relief as the Court deems just and proper.

Dated: September 8, 2026

DESOUZA LAW, P.A.
3111 N. University Drive
Suite 301
Coral Springs, FL 33065
Telephone: (954) 603-1340
DDesouza@desouzalaw.com

By: /s/ Daniel DeSouza, Esq.______
Daniel DeSouza, Esq.
Florida Bar No.: 19291

**CERTIFICATE OF SERVICE**

I hereby certify that on September 8, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will electronically serve all counsel of record.

/s/ Daniel DeSouza____
Daniel DeSouza, Esq.


DESOUZA LAW, P.A.
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL 33065
TELEPHONE (954) 603-1340