IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 0:26-cv-61499-WPD

AZG ENTERPRISES, INC.,

Plaintiff,

v.

ACD LOGISTICS, LLC a/k/a ACDL LLC and
ARJUN DHILLON,

Defendants.

---

# JOINT SCHEDULING REPORT

Pursuant to Local Rule 16.1(b) and Fed. R. Civ. P. 26(f), plaintiff AZG Enterprises, Inc ("Plaintiff") and defendant ACD Logistics, LLC a/k/a ACDL LLC ("ACD Logistics")[1] jointly submit this scheduling report.[2] A proposed Scheduling Order is attached hereto as Exhibit A.

Proposed Case Management Track

The Parties agree that this case should be assigned to the Standard Track.

Discovery Plan

(A) Rule 26(a) Disclosures: The Parties do not propose any changes in the form of requirements of mandatory disclosures under Fed. R. Civ. P. 26(a). The Parties agree that they will exchange the disclosures required under Rule 26(a)(1)(A) through (D) on or before **October 15, 2026**.

(B) Subjects of Discovery and Phases: At this time, the parties do not request any variance from the discovery limitations imposed by Local Rule and/or the Federal Rules of Civil Procedure. The Parties propose that they conduct general discovery, without the need for discovery to be limited in phases. The parties would anticipate the need to each serve interrogatories, requests for production and requests for admission, and to take deposition discovery in accordance with the Federal Rules

---

[1] Defendant Arjun Dhillon did not appear in this action, and the Court has already entered a default judgment against him.

of Civil Procedure, covering issues raised in the pleadings and otherwise disclosed through discovery.

(C) Electronic Discovery Issues: The parties agree that all relevant Electronically Stored Information ("ESI") will be preserved until the resolution of this matter. This includes, but is not limited to, information owned and/or controlled by the parties that is contained in electronic documents, cellular phones, emails, text messages, cryptocurrency wallets, social media, and computer and software programs. The parties further agree that when discovery requests are made, they will undertake good faith efforts to comply with the terms of the requests. For structured ESI, like database data, the parties agree make reasonable efforts to procure and produce ESI in native formats. For unstructured ESI, like emails and word processing, the parties agree to make reasonable efforts to produce discovery in a searchable PDF format and/or native format.

(D) Claims of Privilege or Protecting Trial Preparation Materials: In connection with the procedures provided by Fed. R. Civ. P. 26(b)(5), the Parties agree that any inadvertent production of privileged or trial-preparation materials shall not be considered a waiver of any privilege or protection applicable to such materials so long as the party identifies the documents mistakenly produced and requests their return.

(E) Changes in Discovery Limitations: The Parties do not believe at this time that any changes should be made to the limitations on discovery imposed under these rules or by local rule or that other limitations should be imposed. However, the Parties reserve the right to request changes to limitations or additional limitations should the need arise during the course of discovery.

(G) Other Orders Under Rules 26(c) or 16(b): The Parties do not request any other orders under Rules 26(c) or 16(b) at this time.

Conference Report

*Likelihood of Settlement*

At this time, the parties are engaged in preliminary discussions regarding the potential for settlement, but the likelihood of settlement is still uncertain.

*Likelihood of Appearance of Additional Parties*

None anticipated at this time.

*Proposed Limits on Time*

(i). Join Other Parties and to Amend the Pleadings: **December 14, 2026**

(ii). To Select a Mediator and Schedule Mediation: **November 12, 2026**

(iii). Completion of Mediation. **April 30, 2027**

(iv). Complete Discovery: **March 26, 2027**

(v). Dispositive Pre-Trial and Daubert Motions: **May 26, 2027**

(vi). Joint Pre-Trial Stipulation, Proposed Findings of Fact, and Conclusions of Law: **September 3, 2027**

(vii). Calendar Call: ____________

*Proposals for the Formulation and Simplification of Issues*

The Parties will endeavor to stipulate to undisputed facts and issues in advance of trial. In addition, the Parties each intend to file dispositive motions in advance of trial in an effort to limit the issues.

*Necessity or Desirability of Amendments to the Pleadings*

At this time, the necessity or desirability in amending the pleadings is difficult to gauge.

*Admissions of Fact and Stipulations of Authenticity*

The Parties will endeavor to stipulate as to the authenticity and admissibility of documents to avoid unnecessary issues, and to admit to such facts and documents as will avoid unnecessary need for discovery and issues of proof.

*Avoidance of Unnecessary Proof/Cumulative Evidence*

Unnecessary proof and cumulative evidence will be eliminated, whenever possible, through the use of admission and stipulations by the Parties.

*Advisability of Referring Matters to a Magistrate Judge or Master*

The Parties consent to referring discovery matters to the Magistrate Judge.

*Preliminary Estimate of Time Required for Trial*

The Parties estimate that trial will take 2 – 3 days.

*Requested Dates for Final Pretrial Conference and Trial*

(i) Final Pretrial Conference: **None requested.**

(ii) Trial: **September 27, 2027**

*Any Issues About:*

(i) Disclosure, discovery, or preservation of electronically stored information, including the form or forms in it should be produced: The Parties will agree on reasonable procedures for discovery of electronically stored information.

(ii) Claims of privilege or of protection as trial preparation materials, including – if the parties agree on a procedure to assert those claims after production – whether to ask the Court to include their agreement in an order under Federal Rule of Evidence 502: The Parties agree that the "claw-back" of inadvertently produced privileged or trial preparation materials shall be governed by the applicable provisions of Federal Rule of Civil Procedure 26 and Federal Rule of Evidence 502, and that such inadvertent production and "claw back" shall not constitute any waiver of such privileges.

(iii) When the parties have agreed to use the ESI Checklist available on the Court's website (www.flsd.uscourts.gov), matters enumerated on the ESI Checklist: The Parties agree to work together to develop a mutually-agreeable ESI plan.

*Other Information That Might Be Helpful to the Court in Setting the Case for Status or Pretrial Conference*

At this point, the parties are unaware of any other information that may be of assistance to this Court.

Respectfully submitted on September 28, 2026.

DESOUZA LAW, P.A.
3111 N. University Drive
Suite 301
Coral Springs, FL 33065
Telephone: (954) 603-1340
DDesouza@desouzalaw.com

*Attorneys for Plaintiff*

By: /s/ Daniel DeSouza
Daniel DeSouza, Esq.
Florida Bar No.: 19291

SLATER LEGAL PLLC
9000 Dadeland Blvd.
Suite 1500
Miami, FL 33156
TEL.: (305) 523-9023
james@slater.legal

*Attorneys for ACD Logistics*

By: /s/ James M. Slater
James M. Slater, Esq.
Florida Bar No.: 111779

ESCA LEGAL LLC
55 Broadway, 3rd Floor
New York, NY 10006
P: 347-519-4323
kalpana@esca.legal
By: /s/ Kalpana Nagampalli
Kalpana Nagampalli, Esq.

**CERTIFICATE OF SERVICE**

I hereby certify that on September 28, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will electronically serve all counsel of record.

/s/ Daniel DeSouza
Daniel DeSouza